■ JOHN C. FOGLIA et al., Appellants, v FASHION FLOORS,

INC., et al., Respondents.—In a proceeding brought in Supreme Court, Nassau County, pursuant to CPLR 5225 and 5227, to direct the respondents R. J. Foote Fashions in Floors & Walls Inc. and Robert J. Foote to pay the full amount of a judgment entered in favor of the petitioners against the respondent Fashion Floors, Inc., in the Supreme Court, Suffolk County, on May 24, 1983, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered October 23, 1984, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The claim by the petitioners that they should have been granted the requested relief on the papers without the necessity of a hearing because the respondents failed in their original answer to deny material allegations of the petition is without merit. While the respondents' counsel did, apparently inadvertently, fail to deny certain material allegations in the original answer to the petition, the affirmative defense set forth therein indicates that this failure was the result of mere innocent oversight. Moreover, the petitioners were not unfairly prejudiced by the subsequent amendment of the answer denying these allegations, which amendment was granted with the petitioners' consent.

The petitioners further contend that Mr. Foote and R. J. Foote Fashions in Floors & Walls Inc. should have been obligated pursuant to CPLR 5225 (b) and CPLR 5227 to satisfy the judgment obtained by the petitioners against Fashion Floors, Inc., because Fashion Floors, Inc.'s telephone number and customers' list and sign had been fraudulently conveyed to the new corporation by Mr. Foote while the petitioners' action against Fashion Floors, Inc., was pending (see, Debtor and Creditor Law § 273-a). The petitioners, however, failed to present any evidence of the value, if any, of the personalty and intangibles. Nor did the petitioners establish that Fashion Floors, Inc., had "good will" of any value which was conveyed to R. J. Foote Fashions in Floors & Walls, Inc. Thus, Special Term properly dismissed the proceeding. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.